UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**In re:**
**LORI ANN BUDD,**                                          **Chapter 13**
**WILLIAM THOMAS BUDD,**
    **Debtors.**                                             **Case No. 14-61192**

**ORDER**

Before the Court is an application for compensation, ECF Doc. No. 49, filed by debtors' counsel seeking an order from the Court approving additional attorney's fees in the amount of $2,500 for reaching a settlement regarding the complaint to determine dischargeability of debt filed on behalf of the Social Security Administration in Adversary Proceeding number 14-06054. A brief procedural history of the adversary proceeding is necessary and informs the Court's ruling.

On September 4, 2014, the Social Security Administration, through the Assistant United States Attorney, initiated the adversary proceeding by filing a complaint to determine the dischargeability of debt owed on account of a Social Security overpayment to the male debtor. On September 5, 2014, the Court issued the summons and notice, which was served by the Social Security Administration on the male debtor and his counsel of record at the time. Under the terms of that summons, a response was to be served by October 6, 2014, and a pre-trial conference was to be held on October 21, 2014. During the response period the debtors obtained new counsel, Larry L. Miller. On October 6, 2014, Mr. Miller filed a motion to extend time to file a response, and on October 9, 2014, filed a Notice of hearing setting the matter on the Court's regular docket on October 20, 2014.

On October 17, 2014, the Court received a consent order submitted by Mr. Miller's office granting the motion to extend time to file a responsive pleading in the adversary proceeding. It was allegedly endorsed as agreed by the Assistant United States Attorney as well as counsel for the debtor. The order showed the signature of "/s/Sara Bugbee Winn" as counsel at the United States Attorney's office. At the October 20, 2014, hearing Mr. Miller represented to the Court that a consent order granting his motion had been tendered to the Court. The Court granted the motion, and the consent order was entered the following morning. After entry of the order, the Court held the pre-trial conference by telephone conference call on October 21, 2014, for which Mr. Miller did not appear but Ms. Winn, counsel for United States Attorney, appeared by telephone. Ms. Winn noted that although the government did not object to an extension of time to file a responsive pleading, she requested entry of relief by default for the failure to file an answer or appear at the pre-trial hearing in support of the motion to extend time to file an answer. In response to the Court's inquiries it was noted that the government was not aware of the hearing on October 20, 2015, and had never seen, and thus had not endorsed, the proposed order that was submitted to and subsequently entered by the Court. The Court continued the pre-trial conference to December 2, 2014, with the response to the complaint to be served in the interim. In response to inquiries by the Court, it was acknowledged by debtor's counsel that the consent order was submitted with Ms. Winn's signature without Ms. Winn having seen the order but that she had otherwise consented to the relief requested.

At the December 2, 2014, pre-trial conference, counsel for the Social Security Administration, Ms. Naomi Mendelsohn, as well as the Assistant United States Attorney and counsel for the debtors appeared. Counsel for the Social Security Administration informed the Court that a settlement offer had been made to the debtors and was pending. In order to schedule

2

a potential contested hearing in the event the settlement was not accepted by the debtors, the Court inquired as to the length of time for the trial. At this time, it was noted by the Assistant United States Attorney that if the matter would go to trial, the government requested a jury. The Court continued the pre-trial conference to January 20, 2015, and requested the parties to file support with the Court regarding whether the action may be heard by a jury and whether the bankruptcy court had the authority to conduct the jury trial. At the continued January 20, 2015, pre-trial conference, the parties alerted the Court that both sides had executed a settlement and had submitted it to the trustee. The government filed a motion to approve settlement that same day. The Court approved the consent judgment on January 26, 2015, and the adversary proceeding was closed on February 10, 2015.

On May 6, 2015, Mr. Miller filed an application for compensation in the amount of $2,500 for reaching a settlement with the Social Security Administration. The Court held an initial hearing on the application for compensation on June 8, 2015, and the chapter 13 trustee requested time records and additional time to review the time records. The Court, therefore, continued the matter to July 13, 2015, directing Mr. Miller to file time records to support the fee application by no later than July 1, 2015. On July 9, 2015, Mr. Miller filed the time records. The Court held the continued hearing on July 13, 2015, and took the matter under advisement.

The Bankruptcy Code authorizes a bankruptcy court to determine the reasonableness of compensation to debtor's counsel to be paid under a chapter 13 plan. 11 U.S.C. § 330(a). However, a bankruptcy court may consider the behavior of the party seeking approval of compensation in making such a determination. *See In re Soulisak*, 227 B.R. 77, 82–83 (Bankr. E.D. Va. 1998) ("Absent compliance with the law, no professional has an absolute right to their fees."). In particular, a bankruptcy court may impose a sanction on debtor's counsel for violation

of the rules of professional conduct and noncompliance with applicable code provisions, rules, and court orders. *See id.* (noting that "Bankruptcy Code § 329 permits unethical conduct to serve as a factor considered in analyzing the reasonableness of legal fees paid by a debtor.").

Attorneys admitted to practice before this Court must abide by the Virginia Rules of Professional Conduct. Rule 3.3 of the Virginia Rules of Professional Conduct, Candor Toward the Tribunal, requires that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal." Local Rule 9072-1(C) of this Court states that "Counsel's tender of an order containing the typed signatures of other counsel shall constitute proponent counsel's representation that each counsel has reviewed the identical version of the order being tendered and consented thereto, or has objected thereto, in which case the fact of such counsel's objection shall be noted immediately above such counsel's typed name." Local Rule 5005-4 provides that electronic signatures constitute the representation by the electronic filer that the original was duly signed.

By submitting an order to the Court with Ms. Winn's electronic signature, Mr. Miller was representing to the Court that she had in fact "reviewed the identical version of the order being tendered and consented thereto." This fact was false; therefore, Mr. Miller violated Rule 3.3 of the Virginia Rules of Professional Conduct concerning candor toward the tribunal. The Court thus finds it appropriate to impose sanctions in this case for Mr. Miller's non-compliance with the Rules of Professional Conduct. The Court, however, does find that some fee is appropriate for the work performed in the uncontested adversary proceeding.

Accordingly, it is

**O R D E R E D**

That the application for compensation, ECF Doc. No. 49, is **DENIED to the extent of $2250 and allowed to the extent of $250**. The Trustee is authorized to disburse attorney's fees to counsel for the debtor for services in connection with the adversary proceeding in the amount of $250.

Copies of this order are directed to be sent to the debtors, Lori Ann Budd and William Thomas Budd, 86 Shannon Glen Drive, Louisa, VA 23093; debtors' counsel, Larry L. Miller, Miller Law Group, P.C., 1160 Pepsi Place, Suite 341, Jordan Building, Charlottesville, VA 22901; the chapter 13 trustee, Herbert L. Beskin, P.O. Box 2103, Charlottesville, VA 22902.

Entered: July 24, 2015

*Rebecca B. Connelly*
Rebecca B. Connelly
U.S. Bankruptcy Judge